UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARY SHEPPARD, | CIVIL NO. 04-4145 MJD/AJB |
| PLAINTIFF, | |
| | REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR FEES UNDER |
| v. | THE EQUAL ACCESS TO JUSTICE ACT |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, | |
| DEFENDANT. | |

---

Jennifer G. Mrozik, Esq., for Mary Sheppard.

Lonnie F. Bryan, Esq., Assistant United States Attorney, for the Commissioner.

---

I.   **INTRODUCTION**

This matter is before the court for a report and recommendation to the district court regarding plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (EAJA). [Docket No. 27.] *See* 28 U.S.C. § 2412(d).  Plaintiff Mary Sheppard requests attorney fees in the amount of $4,785.00. The Commissioner of Social Security (Commissioner) opposes this request claiming that plaintiff's motion should be denied because the Commissioner's position was substantially justified.

II.  **BACKGROUND**

At the time of filing for a review by this court, Sheppard was receiving SSI disability benefits based on a May 11, 1992 decision by an ALJ.  In order for Sheppard to qualify for Childhood

1

Disability Benefits (CDB), her current disability application, she had to demonstrate continuing disability from age 22 until the present. *See* 20 C.F.R. §404.350.  She had been determined to be disabled from July 1, 1974 through August 1, 1977 and again from September 12, 1989, through the present.  Thus, the relevant period that she had to demonstrate disability in order to qualify for CDB was the period of August 1, 1977 through September 12, 1989.

Sheppard's applications were denied initially (T. 35-40) and on reconsideration (T. 71-77). Sheppard requested and received a hearing before an ALJ.  On October 12, 2001, a hearing was held before ALJ Diane Townsend-Anderson.  (T. 15, 78.)  Following the hearing, the ALJ issued an opinion denying benefits.  (T. 22.)  The Appeals Council declined to review the ALJ's decision and Sheppard appealed the agencies decision to the federal district court.  The matter was referred to the undersigned United States Magistrate who issued a report and recommendation recommending an award of benefits.  The court recommended awarding benefits because, contrary to case law and regulation, the ALJ had placed greater weight on the opinion of the testifying medical expert, who had never examined the claimant than the evidence presented by the claimant's treating physician that was consistent with other evidence in the record.  The court additionally noted that the ALJ failed to properly assess Sheppard's credibility and assess Sheppard's limitations absent the effect of her chemical abuse.

Following a *de novo* review of the record, United States District Court Judge Michael J. Davis adopted the Report and Recommendation, denied the Commissioner's Motion for Summary Judgment, and granted Sheppard's Motion for Summary Judgment.  Sheppard has now petitioned the court for attorney fees under the Equal Access to Justice Act (EAJA).

**III.     DISCUSSION**

Under the EAJA, a prevailing party in any civil action against the United States, including judicial review of an agency action, shall be awarded attorney fees. 28 U.S.C. § 2412(d)(1)(A). An award of attorney fees under the EAJA is unavailable, however, if the agency's actions were substantially justified or "special circumstances make an award unjust." *Id.* "Substantially justified means justified to a degree that could satisfy a reasonable person or having a reasonable basis in law and fact." *Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)) (internal quotation marks omitted). In this case, the burden is on the Commissioner to demonstrate that the denial of disability insurance benefits actions was substantially justified. *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).

The court finds that the Commissioner has failed to satisfy her burden that the ALJ's decision was substantially justified. Contrary to regulations she improperly afforded great eight to the non-examining/testifying medical expert, while failing to grant the proper weight to the opinion of the claimant's treating psychologist.

**III.     RECOMMENDATION**

For the foregoing reasons, this court **recommends** that Sheppard's Petition for Attorney Fees [Docket No. 29] be **granted** and, attorney fees in the amount of $4,785.00 be awarded.

Dated: <u>April 27, 2006</u>

                                          s/ Arthur J. Boylan
                                          Arthur J. Boylan
                                          United States Magistrate Judge